IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EKATERINA KOLESNIKOVA, ) | |
| ) | Case No. 18 C 6169 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| VILLAGE OF VERNON HILLS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion to amend her complaint [#64], which has been referred to this Court for resolution. [#65]. Because we find plaintiff's effort to amend her complaint by adding a claim of retaliatory inducement to prosecute to be futile, we deny the motion's request for relief as to that proposed count. Because defendants do not otherwise object to plaintiff's request to amend her complaint through the inclusion of a new defendant, Chief of Police Patrick Kreis, as to counts that have already been plead, plaintiff's motion to amend is granted in that regard. Thus, for the reasons stated below, plaintiff's motion to amend is denied in part and granted in part.

### Background

Based on the complaint's allegations, on June 27, 2017, the officers from the Vernon Hill police department responded to a residence based on a report of a suicidal individual. Once there, officers conducted a warrantless search of the residence and discovered an apparent marijuana grown operation. The officers left the residence and then returned with a search warrant and conducted a search of the location. The plaintiff, who did not reside in the house being searched,

arrived at the location while the officers were conducting the search and was arrested and charged with various drug distribution violations. Those charges were eventually dismissed "in a manner consistent with the Plaintiff's innocence" on November 1, 2017. *See generally,* ECF #1.

As alleged in the proposed amended complaint, plaintiff then filed the instant lawsuit on September 10, 2018. On September 19, 2018, nine days after the lawsuit was filed, the assistant state's attorney who apparently initially declined to pursue the charges against plaintiff responded to Vernon Hills Police Chief Kreis, via email, explaining the decision not to prosecute the plaintiff following her arrest. Then, on October 10, 2018, the State's Attorney's Office sought and received an indictment against the plaintiff for "all of the charges that had been dismissed 11 months earlier." Plaintiff theorizes that "these charges were brought about due to the pressure exerted by [the defendant officers, including COP Kreis] in retaliation for the initiation of [the instant] lawsuit." On March 16, 2022, the newly filed charges against the plaintiff were again dismissed "in a manner consistent with her innocence." *See generally* ECF #64-1.

Based on the revival of the previously dismissed charges against plaintiff through COP Kreis's presumed intervention, plaintiff seeks to add COP Kreis to the originally alleged malicious prosecution count, as well as add a new count of Retaliatory Inducement to Prosecute, in which plaintiff also seeks to name defendants Foy and Gillespie. *See id.*, ¶¶39 – 41.

Defendants object to the inclusion of the newly added count, but do not object to the inclusion of COP Kreis to the original malicious prosecution claim. *See generally* ECF #68.

**Analysis**

We begin with a procedural issue that neither party addresses but this Court is bound to consider. This motion has been referred to this Court for resolution, and we therefore must

determine whether we resolve the motion through a ruling or a report and recommendation. Stated somewhat differently, when a magistrate judge denies a motion to amend is that ruling considered dispositive? *See generally* 28 U.S.C. §636(b)(1)(B); *Elliot v. Mission Trust Services, LLC*, 104 F.Supp.3d 931, 934, n. 1 (N.D. Ill. 2015). While there is reasonable debate on this issue, the Seventh Circuit has found that a magistrate judge's denial of a motion to amend a complaint based on futility is non-dispositive and is therefore within the magistrate judge's authority to rule on directly, as opposed to a report a recommendation. *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir.2006) ("The district judge correctly held that the magistrate judge's denial of [plaintiff's] motion to amend his complaint was nondispositive."). We proceed accordingly.

As to plaintiff's request to add the count of retaliatory inducement to prosecute, we deny this request. Both sides acknowledge that under current Seventh Circuit precedent, the claim would be time barred. *See Towne v. Donnelly,* 44 F.4th 666, 671-672 (7th Cir. 2022) (First Amendment retaliatory prosecution claim accrued when charges that the plaintiff believed to be retaliatory were filed); *see also* ECF #69 at 2-3 (plaintiff's acknowledgement of *Towne* in her Reply).[1] Here, the indictment of which plaintiff complains was filed on October 10, 2018. The applicable statute of limitations is two years. *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011) (citing 735 ILCS 5/13–202 and *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007)). Thus, plaintiff must have filed her claim well before her motion to amend was filed. To the extent that plaintiff would try to assert that the retaliatory prosecution claim relates back to the

---

[1] In her Reply, plaintiff asserts that *Towne* was decided incorrectly. According to Plaintiff, *Towne* is inconsistent with the Supreme Court's decision in *McDonough v. Smith*, 139 S. Ct. 2149 (2019). In essence, Plaintiff contends that *McDonough* should control the outcome of this issue, and, under *McDonough*, Plaintiff's claim for retaliatory prosecution is not time barred. This Court is not in a position to say whether *Towne* was decided correctly. *Towne* is currently binding law in the Seventh Circuit, and accordingly, it must be considered as binding in resolving Plaintiff's motion—which Plaintiff acknowledges. Notably, Plaintiff states that she wishes to preserve the issue for future litigation and/or appeals.

original filing pursuant to FRCP 15, that argument would fail as the events giving rise to this particular claim differ in time and type to those events giving rise to the original lawsuit's claims. *See Tucker v. George*, 2009 WL 1444194 (W.D. Wisconsin) at *4 ("[W]hen the claim in the amended complaint rests on facts 'that differ in both time and type' from those in the original pleading, relation back should not be permitted") (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

With this analytical framework in place, plaintiff's motion to amend the complaint must be denied. The Court should freely give leave to allow a plaintiff to amend the complaint "when justice so requires." FED. R. CIV. P. 15(a)(2). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Here, futility controls. "A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations." *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). *See generally Ashford v. Zma*, No. 18 CV 50312, 2020 WL 2041324, at *2 (N.D. Ill. Apr. 28, 2020). Because we, like the parties themselves, are confident that the statute of limitations issue outlined above would ultimately bar plaintiff from pursuing her First Amendment claim, we deny plaintiff's request to amend her complaint.

As to the addition of Chief of Police Kreis, however, defendants raise no objections to his inclusion in the previously alleged counts. We therefore will permit the plaintiff to amend her complaint by including COP Kreis as a defendant consistent with this order.

**Conclusion**

For the reasons set forth above, the Court denies Plaintiff's Motion For Leave to File an Amended Complaint [64] in part, and grants the motion in part. Plaintiff is permitted to file an amended complaint consistent with the Court's ruling herein.

**SO ORDERED.**

**DATED: 2/2/23**         **ENTERED:**

**M. David Weisman**
**United States Magistrate Judge**